IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONNA BAAR § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. |
| NOVO NORDISK INC, § | |
| § | |
| *Defendant*. § | |
| § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff DONNA BAAR ("Plaintiff" or "Baar") files this original complaint and jury demand against Defendant NOVO NORDISK INC. ("Defendant" or "NOVO") alleging discrimination and retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq. For cause of action, Plaintiff would show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Baar is a female resident and citizen of McKinney, Collin County, Texas. Baar performed work for Defendant in Dallas, Texas during the time period giving rise to the claims in this litigation.

2. Novo is a foreign corporation and is doing business in Texas.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331, §1332, and §1343(a)(4). The court has original jurisdiction and diversity jurisdiction.

4. A substantial part of the events or omissions giving rise to Baar's claims happened within the Northern District of Texas and venue is proper in this District under 28 U.S.C. §1391.

## III. FACTUAL BACKGROUND

5.     Novo is an "employer" within the meaning of 29 U.S.C. §2611.

6.     Novo hired Baar in March 2007 as a Diabetes Care Specialist in the New England territory. The primary person responsible for hiring Baar was Kelly Shea, the District Business Manager. In 2009, Kevin Hopkins became the new District Business Manager and was Baar's supervisor. In late 2010, Baar transferred to Dallas, Texas, and Tommy Carlino became her District Business Manager. Kelly Schnoor replaced Carlino in July 2012, and has been Baar's supervisor since that time.

7.     As recently as January 2013, Novo gave Baar a performance evaluation in which she was rated as exceeding expectations. Additionally, Baar was ranked in the top 3 in sales of Victoza and Levermere in the entire region.

8.     Despite Baar's outstanding performance, Novo apparently gave credence to a completely fabricated compliance complaint from another Diabetes Care Specialist, Alissa Rouls. Specifically, on September 16, 2013, Brian O'Mahony, Regional Business Director, informed Baar that Rouls had filed a compliance complaint against Baar. When Baar heard the specifics of the complaint, she became extremely upset because the allegations were blatantly false. As a result, Baar exercised her right to take FMLA leave, which lasted until October 23.

9.     After Baar had exercised her FMLA rights and returned to work, Novo placed her on a Written Warning for allegedly violating Novo's rules concerning Business Ethics and Interactions with Patients in the Field. The basis for the Written Warning was totally absurd, extremely misrepresented, and absolutely untrue. The Written Warning also caused Baar economic losses, including the loss of approximately $18,000 in bonus money and disqualification for the Circle of Excellence award program.

10.    On December 3, 2013, Baar's attorney sent a letter of complaint of FMLA

retaliation on behalf of Baar relating to the above-referenced bogus report and investigation relating to Baar's allegedly violating Novo's business ethics policy. Several months had passed since that complaint, and Baar was cautiously optimistic that Novo would not engage in any further retaliatory actions.

11.     Unfortunately, Baar once again was the subject of retaliation for exercising her right to complain of FMLA retaliation. There are two situations that clearly show the retaliation that had recently occurred.

12.     On April 16, 2014, Pam Day, a compliance officer, Bill Hughes, Senior HR Business Manager, and Kelly Schnoor, Baar's manager, informed her that there was another ethics complaint filed against her. This one related to a lunch meeting on March 24 with Dr. David Parker and his staff. The complaint alleged that Baar asked for a list of patients that were taking Invokana. Clearly, Baar's manager, Schnoor, made this ethics complaint, as he was with her during the lunch meeting. The true facts are that Baar never asked a question like the one she was accused of asking. She is well-aware that questions of that type violate both HIPPA laws and company policies. What is most disturbing about this "compliance" issue is that Schnoor was with Baar not just during this lunch meeting, but also the better part of the entire day. At no time did Schnoor advise Baar that she had said anything wrong or inappropriate. Instead, he said nothing and reported this alleged "violation" to compliance. This is blatant retaliation.

13.     On April 18, Julie, Dr. Parker's Office Manager, informed Baar that she had talked with Pam Day on April 16. Day related that this investigation was started as follows: Rouls walked into a conversation with the nurses, who were discussing Baar's lunch meeting with Dr. Parker referenced above. Even though Rouls heard only bits of the conversation, instead of trying to clarify with Dr. Parker's staff or Baar, Rouls contacted Schnoor, who promptly told Rouls to contact compliance. Julie informed Baar that she defended Baar in her conversation

with Day, stating that Baar had been their Victoza rep for years and would never ask for a list of patients. Julie seemed upset that Schnoor and Rouls were trying to cause Baar trouble.

14. As a false or exaggerated complaint from Rouls and Schnoor was the initiating cause of the initial ethics complaint late last year, this was the second time Rouls and Schnoor have been the focal points of the ethics complaints initiated against Baar. It is important to emphasize that until late last year, Baar had never been the subject of any ethics complaints whatsoever. It is simply beyond coincidence that these new bogus complaints came on the heels of her exercising her right to complain of FMLA retaliation.

15. On June 18, 2014, Brian O'Mahoney, Regional Manager, informed Baar that she was being terminated. During the meeting, he gave Baar a termination letter that alleged that she was being terminated for insufficient performance. That reason is false and also blatantly retaliatory.

### IV. CAUSE OF ACTION: FAMILY MEDICAL LEAVE ACT – INTERFERENCE AND RETALIATION

16. Plaintiff realleges and incorporates the allegations in paragraphs 1-15 as if fully stated herein.

17. All conditions precedent to the filing of this action have occurred or have been fulfilled.

18. Plaintiff was an employee of Defendant as defined by the FMLA.

19. Defendant willfully discriminated and retaliated against Baar after she sought to take and took protected medical leave under the FMLA. Additionally, Defendant willfully discriminated and retaliated against Baar after she complained about FMLA discrimination and retaliation.

20. As a result of the unlawful discriminatory and retaliatory actions of Defendant as described above, Plaintiff has suffered, and will continue to suffer, actual damages, which she hereby seeks, in the form of lost wages (salary and bonuses), medical costs, and lost employment benefits and fringe benefits.

21. Defendant's conduct constitutes a willful violation of the FMLA, entitling Plaintiff to recover liquidated damages.

22. Plaintiff also seeks attorneys' fees, reasonable expert witness fees, and costs of the action under the FMLA.

## VI. JURY DEMAND

23. Baar hereby demands a jury trial on all issues, claims, actions, and defenses in this case.

## VII. PRAYER FOR RELIEF

WHEREFORE, Baar requests that Defendant be summoned to appear and answer, and that on final trial, judgment be granted against Defendant awarding Baar the following:

a. Back pay, including but not limited to lost wages and other employment benefits;

b. Reinstatement and/or front pay and benefits in lieu of reinstatement if reinstatement is not feasible;

c. Actual damages;

d. Liquidated damages;

e. Prejudgment and post-judgment interest, in the maximum amount allowed by law;

f. Attorneys' fees, expert fees, and costs of suit; and

g. Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Dated:  August 26, 2014                    Respectfully submitted,

                 **LYON, GORSKY, GILBERT & LIVINGSTON, L.L.P.**
                 12001 North Central Expressway
                 Suite 650
                 Dallas, Texas 75243
                 Phone: (214) 965-0565
                 Fax:    (214) 965-0097


By:    /s/ David K. Watsky
   David Watsky
   State Bar Number 20932600

**ATTORNEYS FOR PLAINTIFF**